UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:15CR223-6 |
| | ) | |
| Plaintiff, | ) | Judge Benita Y. Pearson |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| LIFELINE HOME HEALTH | ) | |
| SERVICES, LLC., | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge Kathleen B. Burke |
| | ) | |

Pursuant to General Order 99-49, this matter having been referred to United States Magistrate Judge Kathleen B. Burke for purposes of receiving, on consent of the parties, the defendant's offer of a plea of guilty, conducting the colloquy prescribed by Fed. R. Crim. P. 11, causing a verbatim record of the proceedings to be prepared, referring the matter, if appropriate, for presentence investigation, and submitting a Magistrate Judge's Report and Recommendation stating whether the plea should be accepted and a finding of guilty entered, the following, along with the transcript or other record of the proceedings submitted herewith, constitutes the Magistrate Judge's Report and Recommendation concerning the plea of guilty proffered by the defendant.

1. On June 2, 2016, the defendant, a limited liability company appearing pro se through its Authorized Representative Abdulazis Warsame ("Warsame"), proffered a plea of guilty to Counts 1, 2, 3, 4, 5 and 6 of the Indictment.

2. Prior to such proffer, Warsame was examined as to his authority to speak on behalf of and to bind the defendant. Warsame represented that he is the 100% owner and the President of defendant. Warsame also represented that he is authorized to speak on

2

       behalf of and to bind defendant. Warsame was advised that the Court could not appoint counsel to represent defendant and Warsame represented that he was prepared to enter a plea on behalf of defendant although defendant was not represented by counsel.

3. Warsame was also examined as to his competency, advised of the charge against the defendant and the consequences to defendant of conviction, informed that the Federal Sentencing Guidelines are advisory and the Court must consider them but the Court may impose any sentence authorized by law, notified of defendant's rights, advised that he was waiving defendant's rights, including, with limited exceptions, its right to appeal and/or to attack its conviction and sentence in a post-conviction proceeding, and otherwise provided with the information prescribed in Fed. R. Crim. P. 11.

4. The parties and counsel informed the court about the written plea of guilty between the parties that was signed by Warsame on behalf of defendant.  The undersigned was advised that, aside from such plea as described or submitted to the court, no other commitments or promises have been made by any party, and no other agreements, written or unwritten, have been made between the parties.

5. The undersigned questioned defendant under oath through its authorized representative Warsame about the knowing, intelligent, and voluntary nature of the plea of guilty, and finds that the defendant's plea was offered knowingly, intelligently, and voluntarily.

6. The parties provided the undersigned with sufficient information about the charged offense(s) and the defendant's conduct to establish a factual basis for the plea.

In light of the foregoing and the record submitted herewith, the undersigned finds that the defendant's plea was knowing, intelligent, and voluntary, and that all requirements imposed by the

3

United States Constitution and Fed. R. Crim. P. 11 have been satisfied.  Therefore, the undersigned recommends that the plea of guilty to Counts 1, 2, 3, 4, 5 and 6 of the Indictment be accepted and a finding of guilty be entered by the Court.

                                                              *s/Kathleen B. Burke*
                                                              Kathleen B. Burke
                                                              United States Magistrate Judge

Date: June 3, 2016

     *ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice.  Fed. R. Crim. P. 59.  Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id*.